**In re T. Horace and Patricia R. ESTES, Debtors.**

**UNITED STATES of America, Appellant,**

v.

**John C. McLEMORE, Trustee, Appellee.**

Civ. A. No. 3:87–0897.
Bankruptcy No. 383–01063.

United States District Court,
M.D. Tennessee,
Nashville Division.

May 24, 1988.

Gregory L. Nelson, Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

Edwin M. Walker, Nashville, Tenn., for trustee.

## MEMORANDUM OPINION
## AND ORDER

NEESE, Senior District Judge.

This is an appeal by the United States of America of an order entered by a Bankruptcy Court of this District. Therein, it was held that the personal liability of the trustee and the debtors for penalties and interest for income-tax returns which were filed late, and for additional taxes arising from an alleged arithmetical error, was terminated because the trustee had complied with all of the requirements of 11 U.S.C. § 505(b).

On October 3, 1986 such trustee mailed to the Internal Revenue Service (IRS) tax-returns on behalf of the debtors' estate, for the fiscal years ending April 30, 1984, 1985 and 1986, with full payment of the amount of tax to be due shown on each return. None of those returns were filed timely. That same date, the trustee requested also a determination of tax-liability of the estate incurred during the administration of the estate. 11 U.S.C. § 505(b).

The IRS sent a letter of October 31, 1986 to the trustee, notifying such trustee that the returns for the fiscal years, ending April 30, 1984 and 1985, were "accepted for examination purposes." The IRS notified the trustee on April 6, 1987 that additional payment was due for each of the three pertinent tax years.

The trustee then brought an action in our Bankruptcy Court, seeking a determination of the claim of the IRS for penalties and interest for returns which had been filed late, and for additional taxes arising from an alleged arithmetical error. 11 U.S.C. § 505(b) reads as follows:

(b) A trustee may request a determination of any unpaid liability of the estate for any tax incurred during the administration of the case by submitting a tax return for such tax and a request for such a determination to the governmental unit charged with responsibility for collection or determination of such tax. Unless such return is fraudulent, or contains a material misrepresentation, the trustee, the debtor, and any successor to the debtor are discharged from any liability for such tax—

(1) upon payment of the tax shown on such return, if—

(a) such governmental unit does not notify the trustee within 60 days after such request, that such return has been selected for examination; or
* * *

It is clear from the record herein, that the trustee complied fully with the requirements set-forth in 11 U.S.C. § 505(b), *supra*. There is no claim or showing herein of fraud or material misrepresentation on the part of the trustee or the debtors.

Additionally, there was payment of the taxes due, as shown on each of the tax returns in question. Furthermore, the IRS did not notify the trustee within 60 days that the returns were selected for examination; instead, it accepted two of the returns in its letter to the trustee of October 31, 1986, *supra.*

In that the interest, penalties and additional taxes arising from an alleged arithmetical error are all defined as "taxes," [*] the trustee and the debtors herein are entitled to a discharge of liability with regard to such items. The well-reasoned order of the Bankruptcy Court herein of October 6, 1987 hereby is

AFFIRMED.