In re CARIE CORPORATION, Debtor.

**UNITED STATES of America,
Appellant,**

v.

**Bennie LEONARD, Trustee, Appellee
and Cross–Appellant.**

No. A89–122 Civ.
Bankruptcy No. 3–80–00154.

United States District Court,
D. Alaska.

Oct. 10, 1989.

Michael Spaan, U.S. Atty., Anchorage, Alaska, for the U.S.

Cabot Christianson and Joanne Grace, Anchorage, Alaska, for Bennie Leonard.

---

ORDER

(Decision on Appeal)

HOLLAND, Chief Judge.

The United States of America has timely appealed from an order entered by Bankruptcy Judge C.E. Luckey on January 23, 1989. The order partially denied Amended Proof of Claim No. 14 which had been filed by the Internal Revenue Service (IRS) on June 19, 1986. Amended Claim No. 14 sought payment by the trustee of certain penalties and interest resulting from his having failed to timely file the 1984 income

tax return for debtor Carie Corporation. The order also directed the IRS to pay to the trustee the refund due Carie Corporation for its 1986 corporate tax year. The trustee has cross-appealed from that portion of Judge Luckey's aforementioned order which permitted the IRS to offset the 1986 refund by $2,954.30, which represents statutory interest attributable to the late filing of the 1984 return.

The case is before this court as a result of each party having each timely objected to the United States Bankruptcy Appellate Panel of the Ninth Circuit hearing the matter. Briefing has been completed, and neither party has requested oral argument. For the reasons outlined hereinbelow, the court denies the appeal and grants the cross-appeal.

Defendant Leonard was appointed as trustee for Carie Corporation on October 22, 1981, simultaneously with the conversion of Carie Corporation's case to a Chapter 7 proceeding. On March 15, 1985, Leonard mailed Carie Corporation's 1984 corporate tax return (Form 1120) to the IRS Service Center in Ogden, Utah. It is undisputed that the return should have been mailed on or before September 15, 1984, as required by 26 U.S.C. § 6072(b). Enclosed with the Form 1120 was a check in the amount of $47,834.00, which represented the amount of the corporate tax due as computed by the trustee, and a letter requesting the expedited audit procedure provided by 11 U.S.C. § 505(b). The letter clearly stated that the request was being made pursuant to 11 U.S.C. § 505(b), and that the bankruptcy estate was pending in the Bankruptcy Court for the District of Alaska. Under Section 505(b), the IRS must make one of two specified responses to the trustee within certain time limits, or the trustee and debtor are discharged from any further liability for the tax at issue.[1]

The IRS' only response to the expedited audit request occurred on October 7, 1985. It sent the trustee a "Request for Payment of Corporate Income Tax" for 1984 in the amount of $17,206.07, which represented an assessment of $12,436.84 in late filing and payment penalties and $4,769.23 in interest. The assessment did not challenge the computed principal amount of tax due. The IRS does not dispute that its response failed to comply with the time limits specified in 11 U.S.C. § 505. On June 19, 1986, the IRS filed an Amended Proof of Claim No. 14, seeking $18,534.52 for Carie Corporation's tax year 1984. On September 17, 1986, the trustee filed Carie Corporation's Form 1120 for the tax year 1986. It reflected a refund due of $17,687.00. The trustee then objected to the Amended Proof of Claim No. 14 (1984 assessment and interest), and requested the bankruptcy court to order the IRS to pay the trustee the refund due for tax year 1986.

Judge Luckey concluded, as a matter of law, that the trustee had filed a proper request pursuant to Section 505(b). Judge Luckey ruled that the IRS could retain the principal amount of the tax and the statutory interest triggered by the late filing for 1984; he otherwise disallowed the Amended Proof of Claim No. 14, and ordered the IRS to pay the 1986 tax year refund.

The crux of Judge Luckey's decision was his conclusion of law that the expedited audit request had been properly submitted by the trustee, thereby invoking the tax liability protections of Section 505(b). On

---

1. Section 505(b) of Title 11, United States Code, provides:

(b) A trustee may request a determination of any unpaid liability of the estate for any tax incurred during the administration of the case by submitting a tax return for such tax and a request for such a determination to the governmental unit charged with responsibility for collection or determination of such tax. Unless such return is fraudulent, or contains a material misrepresentation, the trustee, the debtor, and any successor to the debtor are discharged from any liability for such tax—

(1) upon payment of the tax shown on such return, if—

(A) such governmental unit does not notify the trustee, within 60 days after such request, that such return has been selected for examination; or

(B) such governmental unit does not complete such an examination and notify the trustee of any tax due, within 180 days after such request or within such additional time as the court, for cause, permits. . . .

appeal, the IRS argues that he was incorrect in so concluding. This court reviews the bankruptcy court's findings of fact under the "clearly erroneous" standard of Rule 52(a), Federal Rules of Civil Procedure, but applies *de novo* review to the bankruptcy court's conclusions of law. *In re American Mariner Industries, Inc.*, 734 F.2d 426 (9th Cir.1984). The parties to this appeal had stipulated to the facts prior to Judge Luckey's decision, and there is no dispute on appeal as to the probative factual matters.

■ The IRS maintains that the proper method of filing the expedited audit request was to submit it to the office of the district director in the district where the bankruptcy case is pending. The wording of Section 505(b) does not expressly state that, nor is it found therein by reasonable implication. The IRS argues, however, that the trustee should have gleaned this information from reading the "Historical and Revision Notes" following the statutory text of Section 505. It also points to the clear directives contained in a non-mandatory revenue procedure (No. 81–17) issued by the IRS prior to 1984. Lastly, the IRS argues that Judge Luckey was wrong to find that a statutory phrase ("the governmental unit charged with responsibility for collection or determination of such tax", 11 U.S.C. § 505(b)) reasonably supported his conclusion that it was proper for the trustee to submit the expedited audit request to the IRS Service Center in Ogden, Utah.

The court finds the IRS arguments unavailing. The Bankruptcy Code provision at issue permits trustees to shorten the period of limitations as regards possible future tax liability by authorizing an expedited audit procedure. This is consistent with the goals and purposes of the Bankruptcy Code. The wording of the statute readily lends itself to the interpretation which defendant Leonard gave it—*i.e.*, that the request should be mailed to Ogden, Utah, the IRS Service Center where Alaska tax returns are usually filed and where Alaska taxes are usually paid. The wording of Section 505 is not precise. It does not put

the typical trustee (who may well not be an attorney or a tax accountant) on notice that a filing is expected at some place other than where taxes are usually collected. Congress could have worded that statute more clearly; its failure to do so should not result in penalizing the bankruptcy estate. Judge Luckey's conclusion of law as regards the propriety of the filing of the expedited audit request must be upheld on appeal. The IRS will thereby retain the $47,834.00 tendered by the trustee with the 1984 Form 1120, but will not be permitted to assess the 26 U.S.C. § 6651(a)(1) and (2) penalties sought in the Amended Proof of Claim No. 14. The IRS will have to pay the trustee a 1986 refund.

The court need not reach the second issue raised on appeal by the IRS, namely, whether the trustee's failure to timely file and pay the 1984 corporate tax was based on "reasonable cause". See Appellant's reply brief at 5, wherein the United States acknowledges that this issue is mooted if the court upholds Judge Luckey's decision concerning the propriety of the filing of the Section 505(b) request by the trustee.

■ As to appellee's cross-appeal, the court finds that Judge Luckey was incorrect in allowing the IRS claim for statutory interest pursuant to 26 U.S.C. § 6601. Judge Luckey likely concluded that the trustee negligently failed to file the Form 1120 on time as required by 26 U.S.C. § 6072(b), which provides in pertinent part that:

Returns of corporations ... made on the basis of the calendar year shall be filed on or before the 15th day of March following the close of the calendar year, and such returns made on the basis of a fiscal year shall be filed on or before the 15th day of the third month following the close of the fiscal year.

Specifically, it appears that the trustee misread the strictures of Section 6072(b), and filed the Form 1120 for tax year 1984 as if Carie Corporation were on a calendar year filing basis. Judge Luckey's allowance of the interest for the period of September 1984 to March 1985 could be viewed as an equitable resolution of that aspect of Amended Proof of Claim No. 14.

In the final analysis, however, the court is persuaded by the plain meaning and purpose of Section 505(b). There is a clear congressional policy embodied therein that the IRS must promptly respond to expedited audit requests so that the closing out of bankrupt estates may be more efficiently accomplished. *See, e.g., In re Diez,* 45 B.R. 137 (Bkrtcy.S.D.Fla.1984). Failure to so respond results in discharge of the trustee and debtor from "any liability" for the tax year 1984. 11 U.S.C. § 505(b). If, as Judge Luckey and this court have concluded, the trustee's expedited audit request were properly filed, then the IRS is barred from collecting any penalty or interest for the 1984 tax year when the statutory examination notice was not sent to the trustee.

The court is not unmindful of the inherent equitable powers which may be exercised by bankruptcy judges. The court is also cognizant of the great number of returns processed by the IRS in its regional service centers. Nonetheless, the IRS could have protected its interest in this matter by simply notifying the district director for Alaska or taking other reasonable steps to prevent the automatic operation of Section 505(b). As the trustee noted in his opening brief, the IRS was able to respond within sixty days when it received, in Ogden, Carie Corporation's 1986 Form 1120 which reflected a refund due. The policy behind Section 505 must subordinate equitable concepts in this situation. Moreover, it does strike the court as somewhat anomalous that Judge Luckey would conclude that the trustee properly invoked Section 505 and its protections, and then deny the trustee the full application of such protections. Therefore, the trustee's cross-appeal is granted, and it is ordered that the 1986 refund be increased by $2,954.30.

The order of January 23, 1989, is affirmed as to the interpretation of 11 U.S.C. § 505(b) and reversed as to offset against the trustee's 1986 refund claim. The case is remanded to the bankruptcy court for entry of an appropriate judgment.