

Steven W. LaBounty, Sp. Asst. U.S. Atty., St. Louis, Mo., for the I.R.S.

Curtis L. Mann, Clayton, Mo., trustee.

## MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

### INTRODUCTION

The Internal Revenue Service (the "IRS") filed a Request for Payment (the "Request") in which it seeks to obtain $229.62 in interest and penalties arising from the trustee's late filing of the estate's 1987 tax return. The Trustee filed an Objection to the Request for Payment (the "Objection"), claiming that section 505(b) of the Bankruptcy Code discharges the estate from further tax liability upon the IRS's failure to comply with the time provisions enumerated in that section.

### JURISDICTION

This Court has jurisdiction over the subject matter of the proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United District Court for the Eastern District of Missouri. The parties

**In re Huldah E. RODE, Debtor.**

**Bankruptcy No. 87–02687–BSS.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Oct. 2, 1990.

have stipulated that this is a "core proceeding" which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2)(B).

## DISCUSSION

The facts of this case are the subject of a stipulation between the parties. On September 14, 1987, Huldah Rode (the "Debtor") filed a petition for relief under Chapter 7 of Title 11 of the United States Code. On January 2, 1990, the Trustee filed on behalf of the bankruptcy estate a Form 1041 U.S. Fiduciary Income Tax Return for the year ending December 31, 1987 and a check for the amount owing. The Trustee also sent to the IRS District Director for the St. Louis District (the "St. Louis District Director") a copy of the return and, pursuant to section 505(b) of the Bankruptcy Code and Revenue Procedure 81–17, a request for a prompt determination of any unpaid tax liabilities of the estate. On January 26, 1990, the trustee received from the IRS a letter stating that the estate's 1987 income tax return was accepted as filed. On June 7, 1990, the IRS filed a Request for Payment for the amount of $229.62, representing penalties and interest accrued as a result of the Trustee's late filing of the 1987 tax return.

The parties have stipulated that the Trustee properly followed Revenue Procedure 87–17 in requesting a prompt determination of tax liability. However, the Trustee offered no explanation or justification as to why he did not timely file the estate's 1987 tax return. The IRS has offered two reasons why it is owed both taxes and penalties arising from the trustee's late filing. First, the IRS argues that while section 505(b) discharges from tax liability debtors, trustees, and successors to the debtor, the Debtor's estate may not be discharged as it is not included in any of these three terms. Second, the IRS claims that the interest and penalties accrued on the late-filed tax return are not discharged because:

1. Section 505(b) was not intended to include interest and penalties which are other than adjustments to the face of the return; and

2. The Trustee has not paid the amounts required by section 505(b)(1).

The Trustee argues that established case law supports its position that the IRS' failure to comply with the time periods prescribed in section 505(b) should discharge the bankruptcy estate from any additional tax liability. Second, the Trustee states that given that the purpose of section 505 is to provide efficient methods and procedures for administration of the bankruptcy estate, it is nonsensical to discharge the debtor and the trustee but not the estate itself.

Section 505(b)(1) of the Bankruptcy Code states:

(b) A trustee may request a determination of any unpaid liability of the estate for any tax incurred during the administration of the case by submitting a tax return for such tax and a request for such determination to the governmental unit charged with responsibility for collection or determination of such tax. Unless such return is fraudulent, or contains a material misrepresentation, the trustee, the debtor, *and any successor to the debtor* are discharged from any liability for such tax—

(1) upon payment of the tax shown on such return, if—

(A) such governmental unit does not notify the trustee, within 60 days after such request, that such return has been selected for examination; or

(B) such governmental unit does not complete such an examination and notify the trustee of any tax due, within 180 days after such request or within such additional time as the court, for cause, permits. (emphasis added)

In short, section 505(b) requires that the IRS either notify the trustee within sixty days of its intent to examine the estate's tax return, or complete an examination of the return and notify the trustee of the results within one hundred eighty days of the trustee's request. Should the IRS fail to fulfill these requirements, the debtor,

trustee, and any successor to the debtor are discharged from any liability resulting from such tax, unless the tax return is fraudulent or contains a material misrepresentation.

Few cases exist which concern and interpret this section of the Bankruptcy Code. However, it is well-established that failure of the IRS to act timely operates to discharge the debtor and the trustee. *See In re Carie Corporation,* No. A89–122 Civil, Bankruptcy No. 3–80–00154 (D.Alaska Oct. 10, 1989) (LEXIS, Bkrtcy library, Cases file); *In re Goldblatt Bros., Inc.,* 106 B.R. 522 (Bankr.N.D.Ill.1989); *In re Estes,* 87 B.R. 52 (M.D.Tenn.1988). The issue in the instant case is whether the IRS' failure to act within the time limits prescribed within section 505(b) discharges the estate from liability under the statute's classification of "any successor to the debtor". Only one case exists in which a court has interpreted the scope and meaning of this specific statutory language. In *In re Fondiller,* No. 580–01179–JRG (Bankr.N.D.Cal. March 30, 1990) (LEXIS, Bkrtcy library, Cases file), the court held that the failure of the IRS to timely respond to the trustee's request for an early determination pursuant to section 505(b) discharged the trustee, the debtor, *and the estate* from any further tax liability for that tax year.[1] Regarding the discharge of the estate, the court, relying on *In re Graham,* 110 B.R. 408 (S.D.Ind.1990), stated that "by definition, the estate is the 'successor to the debtor'". *Fondiller, supra* at 4. Thus, the court concluded that the express statutory language of section 505(b) mandated that the estate be discharged from tax liability as a result of IRS' failure to timely comply with that provision.

This Court declines to follow the *Fondiller* decision for three reasons. First, in determining that an estate may be discharged of its tax liability under section 505(b), the court in *Fondiller* relied on *In re Graham, supra.* However, the issue in *Graham* involved section 544(a)(3) of the Bankruptcy Code, a provision that is un-

related to the issue before this or the *Fondiller* court. Furthermore, upon examination of the case itself, this Court does not believe that *In re Graham* provides support for the proposition that the estate is, by definition, "a successor to the debtor" under section 505(b). Twice the *Graham* court speaks of the estate as "the successor to the *interests* of the debtor". 110 B.R. at 409 and 410 (emphasis added). Given the context of the *Graham* decision, such a statement is correct. However, when placed in a section 505(b) context, such a statement takes on a completely different meaning which, as will become apparent, this Court does not believe is appropriate. Thus, the *Fondiller* court has misquoted and misapplied the court's statement in *Graham,* and its reliance on *Graham* appears misplaced.

Second, even if *Graham* did stand for such a proposition, this Court believes that to classify the estate as a successor to the debtor simply would be incorrect. Section 101(12) defines a "debtor" as a "person or municipality concerning which a case under this title has been commenced". Section 101(35) states that "person" includes individuals, partnerships, and corporations, but not a governmental entity. Thus, under the Bankruptcy Code a debtor must be an individual, a partnership, or a corporation. If a debtor must be a person, it follows that "any successor to the debtor" must also be a "person", as defined in section 101(35). The Trustee contends that the estate should be considered "a successor to the debtor" for purposes of section 505(b). However, section 541(a)(1) defines "estate" as "all legal or equitable interests of the debtor in property as of the commencement of the case". The Trustee effectively has asked this Court to view the words "estate" and "debtor" as interchangeable. However, based on the definitions of each term alone, it is clear that these terms are far from synonymous.

Third, the legislative history of section 505(b) offers no support for the argument

---

**1.** The *Fondiller* action was consolidated with *In re Zerwekh,* No. 581–04190–JRG. However, given that the latter case presents no issue of im-

port to the instant action, this court shall focus solely upon the court's discussion of *Fondiller.*

that the estate may be discharged from further tax liability. The discussion accompanying the Senate version of section 505 states:

> [I]t is desirable not to create a situation where the taxing authority asserts a tax liability against the debtor (as transferee of surplus assets, if any, returned to him) after the case is over; in any such situation, the debtor would be called upon to defend a tax return which he did not prepare. Under the amendment, all disputes concerning these returns are to be resolved by the bankruptcy court, and *both the trustee and the debtor himself do not then face potential post-bankruptcy tax liabilities based on these returns.* This result would occur as to the debtor, however, only in a liquidation case.

S.Rep. No. 989, 95th Cong., 2d Sess. 68 (1978) (emphasis added), U.S.Code Cong. & Admin.News 1978, p. 5854.

Commentary on the final version of section 505(b) states:

> Once the trustee's tax liability for administration period taxes has thus been determined, the legal effect in a case under Chapter 7 or 11 would be to discharge the trustee and any predecessor of the trustee, and also the debtor, from any further liability for these taxes.

124 Cong.Rec. H11,111 (daily ed. Sept. 28, 1978); 124 Cong.Rec. S17,428 (daily ed. Oct. 6, 1978).

In short, the legislative history discusses only discharge of the trustee and the debtor. Furthermore, this Court's examination of the entire legislative history revealed nothing which would lead it to believe that Congress intended the estate to be considered a "successor to the debtor" that would be discharged from further tax liability under section 505(b). Accordingly, it is

ORDERED that the assets of the Debtor's estate are not discharged from further tax liability pursuant to section 505(b) of the Bankruptcy Code and the Trustee's objection is OVERRULED.[2]

IT IS FURTHER ORDERED that the Trustee shall remit from the estate to the IRS the sum of TWO HUNDRED TWENTY–NINE DOLLARS AND SIXTY–TWO CENTS ($229.62), plus any additional amount owed as a result of the Trustee's late filing of the estate's 1987 tax return.

---

**2.** Based on this Court's ruling, discussion of the IRS' second argument is unnecessary.