### In re FARM LOAN SERVICES, INC., Debtor.

### UNITED STATES of America, Appellant,

### v.

### FARM LOAN SERVICES, INC., Debtor/Appellee.

### Bankruptcy No. 92–C–392–S.

United States District Court,
W.D. Wisconsin.

Oct. 2, 1992.

---

Raymond Mulera, U.S. Dept. of Justice, Washington DC, for appellant.

Peter Gennrich, Madison, WI, for appellee.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

The United States of America appeals the order of the United States Bankruptcy Court for the Western District of Wisconsin, entered March 31, 1992, granting the motion of trustee Peter M. Gennrich to (i) determine a tax liability, (ii) find the Internal Revenue Service ("IRS") in contempt for violating a tax liability discharge, (iii) avoid a levy, and (iv) award the trustee's costs and attorney's fees. The trustee's motion concerns a post-petition levy of the IRS against a bank account of the debtor for penalties for failure to furnish W–2 forms to employees in 1988.

The Court has jurisdiction pursuant to 28 U.S.C. § 158. A summary of the facts follows.

### FACTS

Farm Loan Services, Inc., the debtor, filed for relief under Chapter 11 of the Bankruptcy Code and then converted to Chapter 7 in August 1988. At that time Gennrich was appointed trustee.

The trustee filed federal corporate income tax returns (Form 1120) for the fiscal years ending June 30, 1988, June 30, 1989 and June 30, 1990. By letter dated January 9, 1991, the trustee enclosed copies of these tax returns and requested that the IRS perform "a prompt determination of any unpaid tax liability of the bankruptcy estate pursuant to 11 U.S.C. § 505(b) and Revenue Procedure 81–18."

The trustee received a letter from the IRS stating that the returns were accepted as filed and no further action need be taken. The letter also stated that it did not cover "any corrections which result in penalties and interest due to errors made in filing the returns."

On or about October 14, 1991 the IRS assessed a penalty against the debtor for failure to provide 1988 W–2 Forms to its employees under 26 U.S.C. § 6722. It did not file a claim in the proceeding. The trustee closed the estate on October 15, 1991, wherein he was discharged, his bond cancelled, and the Chapter 7 case closed by order of the Court.

On January 23, 1992 the IRS levied on a bank account at the M & I Bank of Madison registered in the name of the debtor. The levy was in the amount of $2,459.56

and named Gennrich as trustee for the debtor. The account had been in existence at the time of the bankruptcy but had not been included in the bankruptcy estate. The trustee claimed he had no knowledge of this account. The bankruptcy case was reopened on February 7, 1992, and the IRS was allowed to file its claim within 15 days, which it did.

On February 12, 1992 the trustee filed a Notice and Motion for 1) Determination of Federal Income Tax Liability Under 11 U.S.C. § 505(a)(1); 2) Finding the IRS in Contempt for Violation of the Tax Liability Discharge Created under 11 U.S.C. § 505(b)(1); 3) Avoiding the Post–Petition Levy of the IRS; and 4) Directing the IRS to Pay Trustee's Costs and Attorney's Fees.

The Bankruptcy Court granted the trustee's motion with certain amendments. The motion for determination of federal income tax liability under 11 U.S.C. 505(a)(1) was granted "to the effect that all taxes, fines or penalties relating to a tax, or any additions to tax, whether or not previously assessed, are extinguished as to the above captioned bankruptcy estate and Trustee." The Bankruptcy Court found that the IRS was in contempt for violating the tax liability discharge created under 11 U.S.C. § 505(b)(1), and avoided the levy of the IRS as to the bankruptcy estate and the trustee. Finally, the Bankruptcy Court ordered that the trustee's costs and attorney's fees were to be paid to the extent they were payable from the funds of the bankruptcy estate.

### MEMORANDUM

A bankruptcy court's findings of fact are subject to a clearly erroneous standard of review. Bankr.R. 8013. However, issues of law are reviewed *de novo*. *In re Herbst*, 95 B.R. 98, 100 (W.D.Wis.1988).

The primary issue presented on appeal is whether the IRS violated the tax liability discharge of 11 U.S.C. § 505(b)(1) when it levied on the debtor's bank account for a penalty under 26 U.S.C. § 6722 for failure to provide 1988 W–2 Forms to employees. Specifically at issue is whether the trustee,

the debtor and any successor to the debtor were discharged from this penalty when the IRS accepted the corporate income tax returns as filed after the trustee had submitted them for a determination of any unpaid tax liability of the bankruptcy estate pursuant to 11 U.S.C. § 505(b).

Section 505(b) of the Bankruptcy Code states in full:

(b) A trustee may request a determination of *any unpaid liability of the estate for any tax incurred during the administration of the case by submitting a tax return for such tax* and a request for such a determination to the governmental unit charged with responsibility for collection or determination of *such tax*. Unless such return is fraudulent, or contains a material misrepresentation, the trustee, the debtor, and any successor to the debtor are discharged from *any liability for such tax*—

(1) upon payment of *the tax* shown on such return, if—

(A) such governmental unit does not notify the trustee within 60 days after such request, that such return has been selected for examination; or

(B) such governmental unit does not complete such an examination and notify the trustee of *any tax* due, within 180 days after such request or within such additional time as the court, for cause, permits;

(2) upon payment of *the tax* determined by the court, after notice and a hearing, after completion by such governmental unit of such examination; or

(3) upon payment of *the tax* determined by such governmental unit to be due. (Emphasis added.)

Section 6722 of the Internal Revenue Code sets forth penalties for "Failure to furnish correct payee statements." 26 U.S.C. § 6722. The definition of "payee statements" includes the employee copy of Form W–2. *See* 26 U.S.C. § 6724(d)(2); 26 CFR § 301.6722–1(d)(2).

Appellant argues that the penalty for failure to provide W–2 Forms is a civil penalty which is unrelated to the tax liabili-

ties for which the trustee requested an audit under section 505(b). The trustee argues that the IRS released the trustee and the debtor from any further tax liability, including the penalty for failure to provide W–2 Forms, when the IRS accepted the returns as filed and failed to inform the trustee within sixty days that it intended to audit the returns under 11 U.S.C. § 505(b)(1).

■ The penalty assessed against the debtor pursuant to 26 U.S.C. § 6722 is not a "tax" within the meaning of 11 U.S.C. § 505(b). It is a penalty assessed against the debtor under 26 U.S.C. § 6722 for failure to provide 1988 W–2 Forms to employees who were apparently employed by the debtor-in-possession during the proceedings. Section 505(b) of the Bankruptcy Code is concerned with the determination and discharge of a "tax." A trustee may request a determination of "any unpaid liability of the estate for *any tax* incurred during the administration of the case *by submitting a tax return for such tax....*" 11 U.S.C. § 505(b) (emphasis added). The Bankruptcy Code and the Internal Revenue Code routinely distinguish between a "tax" and a "penalty." In 11 U.S.C. § 505(a) reference is made to "any fine or penalty relating to a tax, or any addition to tax," while in 11 U.S.C. § 505(b) only the term "tax" is mentioned. Accordingly, § 505(b) must first involve a tax, not a penalty.

Some courts have discharged penalties under 11 U.S.C. § 505(b) when the penalties related to the tax. The penalty assessed here, however, is unrelated to the tax for which the trustee sought a determination of the estate's unpaid liability. Few cases have interpreted section 505(b) of the Bankruptcy Code. In those cases the trustee typically submitted income tax returns for a determination of the estate's unpaid tax liabilities. Under 11 U.S.C. § 505(b) courts have discharged the trustee and the debtor from taxes and *related* penalties, including penalties for late filing and payment of tax returns, in addition to interest. *See, e.g., In re Fondiller*, 125 B.R. 805 (N.D.Cal.1991); *In re Rode*, 119 B.R. 697 (Bankr.E.D.Mo.1990); *In re Carie*

*Corp.*, 128 B.R. 266 (D. Alaska 1989); *In re Estes,* 87 B.R. 52 (M.D.Tenn.1988).

■ The trustee requested a determination of the estate's unpaid liability for specific years of corporate income tax returns. The IRS accepted the income tax returns as filed and did not otherwise notify the trustee within the time limits specified in section 505(b). The IRS is not contesting the amount of tax due on the income tax returns, nor is it seeking a penalty relating to those taxes. At issue is the penalty the IRS assessed against the debtor for failure to provide W–2 Forms to its employees. From the evidence presented to the Bankruptcy Court, there is no basis to conclude that the assessment of this penalty is triggered by, or related to, the filing of the employer's corporate income tax return. Accordingly, the penalty assessed under 26 U.S.C. § 6722 is not related to the income tax returns and therefore not discharged pursuant to 11 U.S.C. § 505(b)(1). Although the IRS may have violated the Bankruptcy Court's order which closed the estate, it did not violate the provisions of 11 U.S.C. § 505(b)(1). This Court, however, is as concerned with the procedures followed by the Internal Revenue Service as was the Bankruptcy Court. To pursue a levy against a debtor and its trustee upon a claim known to exist prior to the closing of the bankruptcy estate suggests sanctions where a more appropriate procedure could have been pursued.

Accordingly, this case is remanded for consideration of the propriety of the levy, the viability of appellant's claim, the recovery of attorney's fees, and any other issues consistent with this Court's determination that section 505(b) is inapplicable to the penalty pursued.

### ORDER

IT IS ORDERED that this case is REMANDED to the United States Bankruptcy Court for the Western District of Wisconsin for those proceedings consistent with the provisions of this memorandum.