In re Richard J. GRASSGREEN, Jr., Debtor.

UNITED STATES of America, Appellant,

v.

Richard J. GRASSGREEN, Jr. and The Enstar Group, Inc., Appellees.

Nos. 93–0640–3P1, 96–1099–CIV–J–10.

United States District Court,
M.D. Florida,
Jacksonville Division.

March 25, 1998.

Charles R. Wilson, U.S. Attys. Office, Tampa, FL, Bruce T. Russell, U.S. Dept. of Justice, Tax Division, Washington, DC, for U.S.

J. Marbury Rainer, Michael E. Sumner, Parker, Hudson, Rainer & Dobbs, Atlanta, GA, David Evan Otero, Milam, Otero, Larsen, Dawson, Traylor, P.A., Jacksonville, FL, for Richard J. Grassgreen.

J. Marbury Rainer, Michael E. Sumner, David Evan Otero, Milam, Otero, Larsen, Dawson & Traylor, P.A., Jacksonville, FL, for Enstar Group, Inc.

## *MEMORANDUM OPINION*

HODGES, District Judge.

This case involves an appeal by the Internal Revenue Service (the United States) from an Order and Judgment entered in the United States Bankruptcy Court granting summary judgment in an adversary proceeding pending before that Court. The adversary proceeding was an action brought by the Debtor on his own behalf, and as trustee of the estate, joined by a principal creditor of the estate, seeking a determination concerning the income tax liability, if any, of the estate, the trustee or the Debtor for the tax year 1994. The Bankruptcy Court determined, in essence, that no tax was due and that the IRS was precluded from any further examination of the estate's 1994 return. This appeal followed.

On February 11, 1993, the Debtor, Richard J. Grassgreen, filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code thereby creating the estate. Grassgreen's Second Amended Plan of Reorganization was confirmed by the Bankruptcy Court on June 7, 1994. The effective date of the plan occurred on December 5, 1994 when the estate received certain assets pursuant to a settlement agreement among the various creditors (other than the United States) that formed the basis of the plan.

The estate filed its 1994 form 1041 tax return with the IRS on or about January 30, 1995. A substantial tax was reported as due, but the tax was not paid upon the filing of the return. Instead, the estate filed an amended 1994 return approximately two months later. The amended return reported a lesser amount of tax as due, and that amount was paid. Contemporaneously with the filing of the amended return, the trustee also filed a request under Section 505(b) of the Bankruptcy Code (11 U.S.C. § 505(b)) seeking a prompt determination of the estate's 1994 federal income tax obligations. Section 505(b) provides as follows:

Sec. 505. Determination of tax liability

\* \* \* \* \* \*

(b) A trustee may request a determination of any unpaid liability of the estate for any tax incurred during the administration of the case by submitting a tax return for such tax and a request for such a determination to the governmental unit charged with responsibility for collection or determination of such tax. Unless such return

is fraudulent or contains a material misrepresentation, the trustee, the debtor, and any successor to the debtor are discharged from any liability for such tax—

(1) upon payment of the tax shown on such return, if—

(A) Such governmental unit does not notify the trustee, within 60 days after such request, that such return has been selected for examination.

It is undisputed that the IRS did not notify the trustee, within 60 days after the trustee's request for a prompt determination, that the return had been selected for examination. Thus, in the Summary Judgment proceedings before the Bankruptcy Court, the IRS initially took the position that the return contained "a material misrepresentation" so that, under the terms of the statute, no discharge of the tax liability occurred despite the failure of the IRS to give the specified notice within the prescribed 60 day period. The Bankruptcy Judge focused primarily upon that issue and determined that the tax return was not fraudulent and did not contain a material misrepresentation. He therefore granted Summary Judgment to the Debtor/Trustee, concluding:

> Because the amended return was not fraudulent and did not contain a material misrepresentation, the Trustee, the Debtor and any successor to the Debtor are discharged from any liability for federal income taxes in connection with the estate's 1994 federal income tax return. Further, because no tax is due, the Defendant [IRS] may not examine that return. Summary Judgment on Count I renders Count II of the complaint moot. The Court will enter a separate judgment consistent with these findings of fact and conclusions of law. (Doc. 22, pp. 7–8).

The separately entered Order of Judgment provided:

> No additional amounts for the 1994 federal income taxes are owed and the United States of America and its Internal Revenue Service may not conduct an examina-

tion of the 1994 income tax returns. (Doc. 23).

■ On appeal, the IRS has abandoned its primary contention to the Bankruptcy Judge that the tax return contained "a material misrepresentation," and it now argues that the Bankruptcy Judge erred because he went too far when he declared that no tax was due and that no further examination of the return could be made. Specifically, the IRS contends that Section 505(b) provides only for a discharge from liability on the part of "the trustee, the debtor, and any successor to the debtor." It does not in any way authorize a discharge of the estate itself. And, this position is supported not only by the language of the statute, but also by the weight of authority construing it. See *In re West Texas Marketing Corp. v. United States,* 155 B.R. 399, 405 (Bkrtcy.N.D.Tex.1993), *aff'd,* 54 F.3d 1194, 1200 (1995); *In re Fondiller,* 125 B.R. 805, 807 (N.D.Cal.1991), *In re Rode,* 119 B.R. 697, 699 (Bankr.E.D.Mo.1990).[1]

■ Accordingly, to the extent that the judgment of the Bankruptcy Court determined that "the trustee, the debtor, and any successor to the debtor are discharged from any liability for federal income taxes in connection with the estate's 1994 federal income tax return," it is AFFIRMED. However, to the extent that the judgment determined that no tax was due from the estate, and that the Defendant may not examine the estate's 1994 amended income tax return, the judgment must be REVERSED AND REMANDED for further proceedings. Whether the estate has any such liability will be for the Bankruptcy Court to determine under Section 505(a) of the Bankruptcy Code (11 U.S.C. § 505(a)). The Bankruptcy Court will also be free to determine, preliminarily, whether any such examination of the amended return, and/or any judicial proceedings under Section 505(a), should be conducted because of mootness or futility (i.e., the absence of any assets in the estate as a source of payment of any additional tax if such

---

1. In fairness to the able Bankruptcy Judge, the Court is constrained to observe that while this contention was presented to him during the hearing on the motion for summary judgment (See transcript, Doc. 21, p. 32), it was certainly not the focal point of the argument at that time.

additional tax should be determined to be due.)

IT IS SO ORDERED.